UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DERRICK MCKINSEY                          CIVIL ACTION

VERSUS                                    NO: 09-7729

BURL CAIN, WARDEN, LSP                    SECTION: R(2)

**ORDER**

Before the Court are Derrick McKinsey's petition for a writ of habeas corpus[1] and his objection[2] to the Magistrate Judge's Report and Recommendation that the petition be denied with prejudice.[3]  The Court, having reviewed de novo the petition, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the petitioner's objections thereto, hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion.

Furthermore, Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rules Governing Section 2254

---

[1]     (R. Doc. 1.)

[2]     (R. Doc. 17.)

[3]     (R. Doc. 16.)

Proceedings, Rule 11(a).  A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Rules Governing Section 2254 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard).  In *Miller-El v. Cockrell*, 537 U.S. 322 (2003), the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Id.* at 336.

Here, McKinsey has not made a substantial showing of the denial of a constitutional right.  The Magistrate Judge's Report and Recommendation clearly and correctly disposes of each of McKinsey's claims.  First, McKinsey contends that he was denied the right to a fair trial because of his brother's communication with a juror.  To prevail, McKinsey must demonstrate prejudice by establishing the actual existence of an opinion that will raise a presumption of partiality in jurors' minds.  *Murphy v. Florida*, 421 U.S. 794, 800 (1975); *Chavez v. Cockrell*, 310 F.3d 805, 811 (5th Cir. 2002).  The trial judge made inquiries of each juror, gave cautionary instructions, and found that the jurors were not

prejudiced by the communication.  Under 28 U.S.C. § 2254(e)(1),
these findings are afforded a presumption of correctness.  Other
than his own conclusory statements that the jury was affected by
the interaction, McKinsey offers nothing to suggest that the
trial court's findings were incorrect.  McKinsey's claim must
therefore fail.

Second, McKinsey claims ineffective assistance of counsel,
but the state court's denial of this claim was not "contrary to,
or involved an unreasonable application of, clearly established
Federal law, as determined by the Supreme Court of the United
States."  28 U.S.C. § 2254(d)(1).  As detailed in the Magistrate
Judge's Report, the decisions not to call Marquette "Megat"
Grandprix or his attorney, not to move for a mistrial based on
the admission of Gary Lewis's statements, not to cross-examine
Lewis, and not to object to jury instructions during
deliberations were adequately explained and should not be second-
guessed based on hindsight.  In addition, although McKinsey's
counsel was temporarily ineligible to practice law in Louisiana
at the time of trial, that ineligibility was not a *per se*
violation of the Sixth Amendment, as it resulted from a failure
to meet the technical requirements of bar membership.  *See United
States v. McKinney*, 53 F.3d 664, 675 (5th Cir. 1995) (holding
that failure to meet continuing legal education requirements is

3

not a *per se* Sixth Amendment violation); *Beto v. Barfield*, 391
F.2d 275, 275-76 (5th Cir.), *cert. denied*, 393 U.S. 888 (1968)
(finding no entitlement to federal habeas corpus relief based on
counsel's suspension from practice due to failure to pay bar
membership dues).

Finally, McKinsey claims that the State withheld material
evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).
Yet, the record reflects that the existence of the relevant
evidence was disclosed by the State and discussed in connection
with McKinsey's pretrial motions.  And, as discussed in the
Magistrate Judge's Report, McKinsey has not established that any
of the statements were material or exculpatory.  Jurists of
reason would not find controversy in these determinations.

Accordingly,

Derrick McKinsey's petition for a writ of habeas corpus is
DISMISSED WITH PREJUDICE.  The Court will not issue a certificate
of appealability.

New Orleans, Louisiana, this 14th day of June, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

4