UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


DERRICK MCKINSEY                                CIVIL ACTION

VERSUS                                          NO: 09-7729

BURL CAIN, WARDEN                               SECTION: R(2)


**ORDER**

    Before the Court is petitioner Derrick McKinsey's motion to proceed *in forma pauperis* on appeal.[1] McKinsey is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. McKinsey was convicted by a jury of second-degree murder and sentenced to life imprisonment without the benefit of parole, probation, or suspension of sentence. After unsuccessfully proceeding through the state appeal and post-conviction process, McKinsey filed a *habeas corpus* petition asserting that he was denied his right to a fair trial because his brother communicated with a juror, his counsel failed to render effective assistance in various ways, and the prosecution withheld material evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).[2] The Magistrate Judge recommended that the petition be dismissed with prejudice.[3] This Court

---

    [1]    (R. Doc. 24.)

    [2]    (R. Doc. 3.)

    [3]    (R. Doc. 16.)

adopted the Report and Recommendation in its June 14, 2011 order and declined to issue a certificate of appealability.[4] McKinsey now moves to proceed with his appeal *in forma pauperis*.[5]

A plaintiff may proceed with an appeal *in forma pauperis* when he "submits an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982). The district court must inquire as to whether the costs of appeal would cause an undue financial hardship. *Prows*, 842 F.2d at 140; *see also Walker v. Univ. of Tex. Med. Branch*, No. 08-417, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008) ("The term 'undue financial hardship' is not defined and, therefore, is a flexible concept. However, a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'") (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

McKinsey's motion to proceed *in forma pauperis* indicates that his current inmate account balance is $260.43 and that his

---

[4]    (R. Doc. 18, 22.)

[5]    (R. Doc. 24.)

average monthly deposits for the proceedings six months is $149.96. McKinsey's motion also states that the average monthly balance for the last six months is $381.52. McKinsey reports no other accounts or sources of income. This suggests that he is unable to pay the fees for an appeal.

McKinsey's motion to proceed *in forma paupers* must be denied, however, because he has not indicated to the Court which issues he intends to pursue on appeal. A litigant who wishes to proceed *in forma pauperis* in the court of appeals is required to provide the district court with an affidavit that "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C); 28 U.S.C. § 1915(a)(1) (requiring affidavit to "state the nature of the . . . appeal and affiant's belief that the person is entitled to redress"). McKinsey did not comply with this rule. The *in forma pauperis* motion and notice of appeal contain no indication of the issues that McKinsey intends to present on appeal. McKinsey's petition raises a number of different arguments. Without a statement of the specific issues he intends to pursue on appeal, McKinsey's *in forma pauperis* motion must be denied. *See McQueen v. Evans*, 1995 WL 17797616, *2 (5th Cir. 1995) (per curiam) (failure to present issue for appeal in an *in forma pauperis* motion constitutes abandonment of that issue); *see also Smith v. Bd. of Brevard County*, 2010 WL 2026071, *1 (M.D. Fla. 2010) (denying *in forma*

*pauperis* motion that failed to present issues for appeal); *United States v. One 2000 Land Rover*, 2008 WL 4809440, *2 (S.D. Ala. 2008) (same); *Wentworth v. Morgan*, 2007 WL 710167, *1 (E.D. Ky. 2007) (same); *Carson v. AJN Holdings*, 2007 WL 843845, *1-2 (E.D. Tenn 2007) (same).

Moreover, assuming that McKinsey intends to raise on appeal all of the arguments in his petition, such an appeal is frivolous. An appeal may not be taken *in forma pauperis* if it is not in good faith. 28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a)(4)(B). "'Good faith' is demonstrated when a party seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). "An investigation into the IFP movant's objective good faith, while necessitating a brief inquiry into the merits of an appeal, does not require that probable success be shown," but rather "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *United States v. Misher*, 2010 WL 468370, *1 (5th Cir. 2010) (per curiam) (quoting *Howard*, 707 F.2d at 220). "A complaint is frivolous if it lacks an arguable basis either in law or in fact." *Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992)).

4

McKinsey's appeal does not have an arguable basis either in law or in fact and is therefore frivolous.  McKinsey contends that he was denied the right to a fair trial because of his brother's communication with a juror.  To prevail, McKinsey must demonstrate prejudice by establishing the actual existence of an opinion that will raise a presumption of partiality in jurors' minds.  *Murphy v. Florida*, 421 U.S. 794, 800 (1975); *Chavez v. Cockrell*, 310 F.3d 805, 811 (5th Cir. 2002).  The trial judge made inquiries of each juror, gave cautionary instructions, and found that the jurors were not prejudiced by the communication.  Under 28 U.S.C. § 2254(e)(1), these findings are afforded a presumption of correctness.  Other than his own conclusory statements that the jury was affected by the interaction, McKinsey offers nothing to suggest that the trial court's findings were incorrect.  McKinsey's claim must therefore fail.

McKinsey's ineffective assistance of counsel claims are similarly unavailing.  As set forth the Magistrate Judge's Report, the decisions not to call Marquette "Megat" Grandprix or his attorney, not to move for a mistrial based on the admission of Gary Lewis's statements, not to cross-examine Lewis, and not to object to jury instructions during deliberations were adequately explained and should not be second-guessed based on hindsight.  *See Pondexter v. Quarterman*, 537 F.3d 511, 520 (5th Cir. 2008) ("'Judicial scrutiny of counsel's performance must be

highly deferential' with every effort made to avoid 'the distorting effects of hindsight.'") (quoting *Strickland v. Washington*, 466 U.S. 668, 689-90 (1984)).  McKinsey also claims that he was denied the right to adequate trial counsel because his attorney was ineligible to practice law at the time of trial. His attorney's ineligibility, however, was not a *per se* violation of the Sixth Amendment, as it resulted from a failure to meet the technical requirements of bar membership.  *See United States v. McKinney*, 53 F.3d 664, 675 (5th Cir. 1995) (holding that failure to meet continuing legal education requirements is not a per se Sixth Amendment violation); *Beto v. Barfield*, 391 F.2d 275, 275-76 (5th Cir.), *cert denied*, 393 U.S. 888 (1968) (finding no entitled to federal habeas corpus relief based on counsel's suspension from practice due to failure to pay bar membership dues).  McKinsey has not demonstrated, in either claim, that he was prejudiced by any of the alleged deficiencies in his trial counsel's performance.  His conclusory, self-serving assertions are insufficient to grant relief.  *See Curtis v. Cain*, 2008 WL 482849, *8-9 (E.D. La. 2008) ("Standing alone, such self-serving statements cannot be allowed to succeed or the criminal judicial process would become unworkable.") (quoting *Turicos v. Dretke*, 2005 WL 3263918, *6 (S.D. Tex. 2005)).  McKinsey has therefore not shown that the state court's denial of this claim was

"contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

Finally, McKinsey claims that the State withheld material evidence in violation of *Brady*. Yet, the record reflects that the existence of the relevant evidence was disclosed by the State and discussed in connection with McKinsey's pretrial motions. And, as the Magistrate Judge set out in detail, McKinsey has failed to establish that any of the statements were material or exculpatory. McKinsey's assertions do not have an arguable basis in law or in fact, and his appeal is therefore frivolous.

For the foregoing reasons, McKinsey's motion for leave to appeal *in forma pauperis* is DENIED.

New Orleans, Louisiana, this 15th day of July, 2011.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE